UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 16 2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

THOMAS GLASS,                     )
                                  )
         Plaintiff,               )
                                  )
v.                                )     Civil Action No.  20-2480 (UNA)
                                  )
                                  )
SCHNEIDER NATIONAL                )
LOGISTICS CO. *et. al.*,          )
                                  )
         Defendants.              )

### **MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the case for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of Maryland, has sued a business entity allegedly "doing business in the City of Carlisle, County of Cumberland, State of Pennsylvania," for "Breach of Contract." Compl., ECF No. 1 at 1. Such a claim must proceed, if at all, under the court's diversity jurisdiction. It is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). To that end, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference." *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004). Consequently, an "'allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction.'" *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)).

Plaintiff has pled no facts from which the Court can ascertain each party's citizenship, nor has he pled an amount in controversy. Therefore, this case will be dismissed for want of jurisdiction. A separate order accompanies this Memorandum Opinion.

                                                                                                 _____/s/_____
                                                                                                 RUDOLPH CONTRERAS
                                                                                                 United States District Judge

Date: September 16, 2020